United States District Court
Southern District of Texas
**ENTERED**
March 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERICK SCOTT BLACKWOOD-HEAD | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00121 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S *SECOND* MOTION TO REOPEN CASE**

Plaintiff Erick Scott Blackwood-Head, appearing *pro se* and *in forma pauperis*, filed this civil action seeking to sue the United States of America for various alleged constitutional violations relating to his claims he has been subjected to "illegal neural monitoring and broadcasting." Pending before the Court is Plaintiff's Second Motion to Reopen Case (D.E. 22). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion to reopen be **DENIED**.

I.   **BACKGROUND**

Plaintiff alleges he was incarcerated in Chautauqua County Jail in 2022 and 2023 and again incarcerated in the Harris County Jail in Houston, Texas from July 2024 to January 2025. He has since moved to Corpus Christi, Texas. Plaintiff alleges that during his incarceration he was "subjected to illegal neural monitoring and broadcasting through advanced neurotechnology" without his consent. (D.E. 1-1). According to Plaintiff, "[t]his technology accesses Plaintiff's internal language processing and broadcasts his private

thoughts to third parties." (D.E. 1-1, p. 2). Plaintiff believes this monitoring is conducted by federal agencies and contractors and continues to this day. Plaintiff also alleges he is being subjected to "sustained harassment via RF (radio frequency) devices, which emit directed energy to target him with auditory and physical effects." (D.E. 1-1, p. 2). Plaintiff seeks injunctive relief and monitory damages.

On May 9, 2025, U.S. Magistrate Judge Libby issued a Memorandum and Recommendation ("M&R") to dismiss this case. On June 9, 2025, Plaintiff filed written objections to the M&R. On July 21, 2025, District Judge David S. Morales entered an Order adopting the M&R and dismissed this case. (D.E. 6). On the same day, Judge Morales entered a Final Judgment dismissing this action. (D.E. 7).

On August 11, 2025, Plaintiff filed his first motion to re-open this case. In his motion, Plaintiff moved the Court to reopen this case because of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). Plaintiff incorrectly stated that this case was closed due to "expiration of deadline." (D.E. 10, pg. 2). Plaintiff also claimed that because the Final Judgment closing this case was entered within twenty-four hours of Plaintiff making statements on social media, that that factor should constitute new evidence. *Id*. at 3. On January 20, 2026, District Judge David S. Morales entered an Order adopting the M&R, denying Plaintiff's Rule 60(b) motion to re-open this case. (D.E. 21).

On March 5, 2026, Plaintiff filed his second motion to re-open this case pursuant to Rule 60(b), along with supplemental briefing. (D.E.s 22, 23, & 24). Plaintiff's motion contends that there is "newly available evidence and developments in the public record that

were not before the Court at the time of its January 20, 2026 Order." (D.E. 22, pg. 1). Plaintiff submits that the U.S. government has a documented history of experimentation on civilians, surveillance technologies are established in science and in government, and that Plaintiff is in the process of arranging physical testing that may produce evidence relevant to his claims. (D.E. 22).

Plaintiff's Second Motion to Reopen Case, dated March 3, 2026, was received by the Court on March 5, 2026. (D.E. 22).

## II.   DISCUSSION

Plaintiff indicates that he seeks to reopen this case pursuant to Federal Rules of Civil Procedure Rule 60(b). Rule 60(b) sets out five specific bases for granting relief from a final judgment, order, or proceeding: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable evidence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct of an opposing party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a Court may relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). This relief will be granted only if "extraordinary circumstances" are present. *Id*.

3 / 5

Plaintiff does not specify which subsection of Rule 60(b) that he seeks relief, but states that there is newly discovered evidence and developments in the public record. (D.E. 22, p. 1). While not entirely clear, it appears Plaintiff's new evidence primarily relates to new neurological surveillance technologies recognized by the government and some type of physical testing the Plaintiff may undergo in the future.

Plaintiff has failed to convince the undersigned that he is entitled to relief under any of the Rule 60(b) provisions. Plaintiff has again failed to address any alleged errors in the Court's Order and Final Judgment dismissing his claims as legally and factually frivolous. As Plaintiff's claims were subject to dismissal as frivolous, the Court need not consider any of Plaintiff's arguments related to the merits of his claims. Accordingly, the undersigned finds that Plaintiff has failed to show an entitlement to relief under any subsection of Rule 60(b) that warrants the reopening of this case.

## III.    RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Second Motion to Reopen Case (D.E. 22) be **DENIED**.

Respectfully submitted on March 9, 2026.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

5 / 5