United States District Court
Southern District of Texas
**ENTERED**
April 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERICK SCOTT BLACKWOOD-HEAD | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00121 |
| | § | |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM AND RECOMMENDATION
### TO DENY PLAINTIFF'S THIRD MOTION TO REOPEN CASE

Plaintiff Erick Scott Blackwood-Head, appearing *pro se* and *in forma pauperis*, filed this civil action seeking to sue the United States of America for various alleged constitutional violations relating to his claims he has been subjected to "illegal neural monitoring and broadcasting." Pending before the Court is Plaintiff's Third Motion to Reopen Case (D.E. 27). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's third motion to reopen be **DENIED**.

### I. BACKGROUND

Plaintiff alleges he was incarcerated in Chautauqua County Jail in 2022 and 2023 and again incarcerated in the Harris County Jail in Houston, Texas, from July 2024 to January 2025. He has since moved to Corpus Christi, Texas. Plaintiff alleges that during his incarceration he was "subjected to illegal neural monitoring and broadcasting through advanced neurotechnology" without his consent. (D.E. 1-1). According to Plaintiff, "[t]his technology accesses Plaintiff's internal language processing and broadcasts his private thoughts to third parties." (D.E. 1-1, p. 2). Plaintiff believes this monitoring is conducted

by federal agencies and contractors and continues to this day. Plaintiff also alleges he is being subjected to "sustained harassment via RF (radio frequency) devices, which emit directed energy to target him with auditory and physical effects." (D.E. 1-1, p. 2). Plaintiff seeks injunctive relief and monetary damages.

On May 9, 2025, U.S. Magistrate Judge Libby issued a Memorandum and Recommendation ("M&R") to dismiss this case. On June 9, 2025, Plaintiff filed written objections to the M&R. On July 21, 2025, District Judge David S. Morales entered an Order adopting the M&R and dismissed this case. (D.E. 6). On the same day, Judge Morales entered a Final Judgment dismissing this action. (D.E. 7).

On August 11, 2025, Plaintiff filed his first motion to re-open this case. In his motion, Plaintiff moved the Court to reopen this case because of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). Plaintiff incorrectly stated that this case was closed due to "expiration of deadline." (D.E. 10, pg. 2). Plaintiff also claimed that because the Final Judgment closing this case was entered within twenty-four hours of Plaintiff making statements on social media, that that factor should constitute new evidence. *Id*. at 3. On January 20, 2026, District Judge David S. Morales entered an Order adopting the M&R, denying Plaintiff's Rule 60(b) motion to re-open this case. (D.E. 21).

On March 5, 2026, Plaintiff filed his second motion to re-open this case pursuant to Rule 60(b), along with supplemental briefing. (D.E.s 22, 23, & 24). Plaintiff's motion and supplements, consisting of 72 pages, contended that there is "newly available evidence and developments in the public record that were not before the Court at the time of its January

20, 2026 Order." (D.E. 22, pg. 1). Plaintiff submitted that the U.S. government has a documented history of experimentation on civilians, surveillance technologies are established in science and in government, and that Plaintiff was in the process of arranging physical testing that may produce evidence relevant to his claims. (D.E. 22). Plaintiff's Second Motion to Reopen Case, dated March 3, 2026, was received by the Court on March 5, 2026. (D.E. 22). On March 23, 2026, District Judge David S. Morales entered an Order adopting the M&R, denying Plaintiff's Second Rule 60(b) motion to re-open this case. (D.E. 42).

On April 7, 2026, Plaintiff filed his third motion to re-open this case pursuant to Rule 60(b). (D.E. 45). The motion, supplemental brief (D.E. 45 at 67-79), and exhibits attached are 79 pages long. Plaintiff contends that there is newly discovered evidence under Rule 60(b)(2) and that "official government acknowledgement constitutes extraordinary circumstances justifying relief under Rule 60(b)(6)." (*Id*. at 3). Plaintiff contends that the newly discovered evidence consists of: "(1) a formal U.S. government regulatory determination acknowledging brain-control weaponry…; (2) peer-reviewed NATO military science establishing a comprehensive taxonomy of cognitive warfare methods…; (3) congressional validation through the MIND Act…; (4) a binding related-case finding that Texas's PASRR screening framework is legally insufficient for comprehensive functional assessment…; and (5) Plaintiff's sworn affidavit documenting same-day retaliatory housing termination following litigation activity…" (Id. at 2). Plaintiff's motion has Exhibits A-F (although Exhibits D & E are missing) as attachments

3

to the motion.  Plaintiff's Third Motion to Reopen Case, dated April 7, 2026, was received by the Court on the same day.

## II. DISCUSSION

Plaintiff indicates that he seeks to reopen this case pursuant to Federal Rules of Civil Procedure 60(b)(2) & (6). Rule 60(b) sets out five specific bases for granting relief from a final judgment, order, or proceeding: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable evidence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct of an opposing party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a Court may relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). This relief will be granted only if "extraordinary circumstances" are present. *Id*.

While not entirely clear, it appears Plaintiff's new evidence primarily relates to: (1) a Federal Register subsection regarding an entity list requiring licensing of entities acting contrary to the national security or foreign policy interests of the United States (D.E. 45 at 17), (2) a scientific article from February 2025 printed from "HAL," a multi-disciplinary open access archive for the deposit and dissemination of scientific research

documents, whether they are published or not (written by individuals associated with foreign entities in Norway, Estonia, Germany) (*Id*. at 19-43), (3) a one-page excerpt from a 475 page opinion in the Western District of Texas case of *Steward v. Abbott*[1], 5:10-cv-1025-OLG (a class-action lawsuit challenging Texas' long-term care system for individuals with intellectual and developmental disabilities) dated June 17, 2025, (4) a sworn affidavit of Plaintiff filed in pending cause 2:26-cv-90 regarding his housing termination (D.E. 45 at 15 & 46), (5) an FBI Freedom of Information Act release regarding surveillance of Occupy Houston activists, and (6) the text from Senate Bill S.2925 (the MIND Act) (directing the Federal Trade Commission to create regulations for neurotechnology, addressing risks like mental surveillance, behavioral manipulation, and unauthorized use of consumer brain data).

Plaintiff has failed to convince the undersigned that he is entitled to relief under any of the Rule 60(b) provisions. Plaintiff has again failed to address any alleged errors in the Court's Order and Final Judgment dismissing his claims as legally and factually frivolous. Plaintiff's Rule 60(b) motion asserts no new grounds for relief and simply rehashes his previous arguments, filing voluminous documents he finds by searching the internet that attempt to support his clearly baseless, fanciful, fantastic, and delusional claims. As Plaintiff's claims were subject to dismissal as frivolous, the Court need not consider any of Plaintiff's arguments related to the merits of his claims. Accordingly, the undersigned

---

[1] The Court notes that Plaintiff incorrectly cites this case at *Steward v. Young*. (D.E. 45 at 14).

finds that Plaintiff has failed to show entitlement to relief under any subsection of Rule 60(b) that warrants the reopening of this case.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Third Motion to Reopen Case (D.E. 45) be **DENIED**.

The undersigned further recommends that Plaintiff be given a sanctions warning. Federal courts have inherent authority "to protect the efficient and orderly administration of justice and ... to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir.1993).  Included in such power is the authority to levy sanctions in response to abusive litigation practices. See *id*. The undersigned has found that Plaintiff's Rule 60(b) motion asserts no new grounds for relief and simply rehashes his previous arguments, grasping for anything he can find on the internet to support his indisputably meritless legal theory. Plaintiff's motion and litigating posture on this matter and other pending matters causes undue burden on the court's resources[2]. This litigation—

---

[2] The Court notes that Plaintiff has filed several recent lawsuits IFP to include: (1) USDC SDTX, 2:25-cv-121, *Blackwood-Head v. United States* (sued the United States of America for various alleged constitutional violations relating to his claims he has been subjected to "illegal neural monitoring and broadcasting."); (2) USDC SDTX, 4: 25-cv-703, *Blackwood-Head v. Harris County Sheriff's Office, et al*. (sued numerous Harris County officials and entities for alleged unconstitutional conduct arising out of his July 2024 arrest for aggravated assault with a deadly weapon.); (3) *USDC District of Columbia, Blackwood-Head v. Democratic National Committee, et al*. (sued the Democratic and the Republican National Committees alleging manipulation of election outcomes, conspiracy to assist Jeffrey Epstein, and influence over state bar associations.); (4) *Erick Scott Blackwood-Head v. Texas Board of Nursing*, D-1-GN-25-009663, Travis County, Texas; (5) USDC SDTX 2:26-cv-90, *Erick Scott Blackwood-Head v. Eric Head, et al*. (sued

which came to an end with a July 2025 judgment—has become unduly protracted; however, at some point all litigation must come to an end. Considerable but scarce judicial resources have been expended. The judgment of this case is final and has not been appealed to the Fifth Circuit Court of Appeals. This is Plaintiff's third Rule 60(b) motion since judgment was entered. This litigation, and the to-and-fro surrounding it, must end.

In this vein, it is respectfully recommended that if any further motion is filed to reconsider, amend or alter the judgment, or any similar motion seeking to vacate the July 2025 Final Judgment, and the court finds such motion is baseless, frivolous, or without merit, the court will impose sanctions against the offending party.

Respectfully submitted on April 16, 2026.

_____
Julie K. Hampton
United States Magistrate Judge

---

several individuals and entities to include H-E-B Grocery Company, Bill & Melida Gates, and ExxonMobil Corporation for forced labor and trafficking with respect to forced labor).

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs*. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).